# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 5:21-CR-1627-S1-1** |
| | § | |
| **JESUS GUADALUPE COVARRUBIAS** | § | |
| **AKA: JESUS GUADALUPE** | § | |
| **COVARRUBIAS-ZAPATA** | § | |

## CONDITIONAL PLEA AGREEMENT

The United States of America, by and through Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, and Brian Bajew, Assistant United States Attorney, the defendant, **JESUS GUADALUPE COVARRUBIAS, AKA: JESUS GUADALUPE COVARRUBIAS-ZAPATA** ("Defendant"), and Defendant's counsel, pursuant to **Rule 11(a)(2) and (c)(1)(A)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to **Count One** of the superseding indictment. Count One charges Defendant with **aiding or abetting in the acquisition of one or more firearms by knowingly making a false or fictitious statement**, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2), as well as Title 18, United States Code, Section 2. Defendant, by entering this plea, agrees he is waiving any right to have the facts that the law makes essential to the punishment either charged in the superseding indictment, or proved to a jury or proven beyond a reasonable doubt.

**Punishment Range**

2. The statutory maximum penalty for a violation of Title 18, United States Code, Section 922(a)(6) is **imprisonment of up to ten (10) years and a fine not to exceed $250,000**. *See* 18 U.S.C. §§ 924(a)(2) and 3571(b)(3). Additionally, Defendant may receive a term of supervised release after imprisonment of **up to three (3) years**. *See* 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for **up to two (2) years**, without credit for time already served on the term of supervised release prior to such violation. *See* 18 U.S.C. §§ 3559(a)(3) and 3583(e)(3). Defendant understands he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

**Mandatory Special Assessment**

3. Pursuant to 18 U.S.C. § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Immigration Consequences**

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized

2

United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

### Cooperation

5. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing and fully cooperate with the United States. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited: **the fraudulent acquisition and possession of firearms**. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a)     Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b)     Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the

3

United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)    Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)    Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e)    Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(f)    Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

### Waiver of Appeal, Collateral Review, and Statute of Limitations

7. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. **Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except in the following two circumstances:**

**(a)    Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255; and**

**(b)    Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, the Defendant reserves his right to appeal the adverse determination of the issues presented in Defendant's motion to suppress [Dkt. Nos. 207, 267, and 488].**

4

8. Defendant agrees that should the conviction following his plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

9. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

10. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement. In the

event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

### The United States' Agreements

11. The United States agrees to each of the following:

(a)     If Defendant pleads guilty to Count One of the superseding indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the superseding indictment at the time of sentencing;

(b)     If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently; and

**(c)     Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, consent to Defendant entering a conditional plea of guilty and reserving the Defendant's right to have an appellate court review the adverse determination of the Defendant's motion to suppress [Dkt. Nos. 207, 267, and 488].**

### Agreement Binding - Southern District of Texas Only

12. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the superseding indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

6

## United States' Non-Waiver of Appeal

13. The United States reserves the right to carry out its responsibilities under guidelines

sentencing. Specifically, the United States reserves the right:

(a)     to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

14. Defendant is aware that the sentence will be imposed after consideration of the United

States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the

provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges

and agrees that the Court has authority to impose any sentence up to and including the statutory

maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed

is within the sole discretion of the sentencing judge after the Court has consulted the applicable

Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the

application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is

within the discretion of the sentencing judge. If the Court should impose any sentence up to the

maximum established by statute or should the Court order any or all of the sentences imposed to

run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

15. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)     If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he/she could testify on his/her own behalf.

### Factual Basis for Guilty Plea

16. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the superseding indictment. If this case proceeded to trial, the United States of America would prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish the Defendant's guilt:

On July 22, 2021, the Webb County Sheriff's Office (WCSO) was dispatched to a ranch owned by **Jesus Guadalupe Covarrubias** and spoke to Jose Gerardo Amaro, Jr., **Covarrubias'**

8

brother. During the interview, Amaro stated about ten AK-style and twenty AR-style rifles were stolen from the ranch. WCSO reported this information to the ATF, who were previously aware **Covarrubias** was a convicted felon prohibited from possessing firearms or ammunition.

On August 25, 2021, law enforcement surveilled the homes of Amaro and **Covarrubias** in Laredo, identified as 1118 Quail Hollow Loop and 11214 Sierra Gorda Drive, respectively. During this time, the Sierra Gorda surveillance team noticed movement inside the garage and, at various points, saw Roberto Carlos Zamora, Alejandro Rene Sanchez, Amaro, and **Covarrubias** entering and exiting the property, as well as appearing to bring objects to vehicles parked nearby. Agents then observed the four leave the property in different vehicles but appearing to travel in the same direction.

The Quail Hollow surveillance team observed **Covarrubias**, Zamora, and Amaro arrive and meet in the driveway before Amaro went inside. Amaro was then seen walking out from the garage over to his truck, at which time he pulled out a tan AR-type firearm and a black rifle bag. Zamora and **Covarrubias** then walked into the house while Amaro went into the garage. Suspecting firearms had just been moved from Sierra Gorda to Quail Hollow, agents walked up to the driveway, at which point Amaro placed some rifles into a gun safe in the garage. Ultimately, Amaro, Zamora, and **Covarrubias** were detained.

While on-scene, special agents received consent to search the Quail Hollow residence, at which time six firearms were located inside Amaro's bedroom closet. Additionally, Amaro consented to a search of the gun safe in the garage, which led to finding three more rifles. After rights advisement and waiver, Amaro stated the three rifles inside the gun safe came from the Sierra Gorda residence. Amaro further stated **Covarrubias** had been storing the three rifles at his

9

home, which were fully identified as the following:

| MAKE & MODEL | CALIBER | SERIAL NUMBER |
|---|---|---|
| Sig Sauer, M400 rifle | 5.56 NATO | 20L129963 |
| ZRODELTA, Range Ready rifle | .223 caliber | ZAR04218 |
| OCCAM Defense, ODS-1775 rifle | 7.62 x 39-millimeter | OD-00069 |

While events were unfolding at Quail Hollow, a Laredo Police Department officer conducted a traffic stop of Sanchez's vehicle and arrested him after learning he had active warrants. Then, during an inventory search of Sanchez's vehicle, officers found a Glock, Model 43 pistol, 9-millimeter, bearing serial number ADXB573. In a post-arrest interview, Sanchez admitted to ATF special agents to being under indictment and to knowing he could not possess firearms. Sanchez told ATF he received the pistol from **Covarrubias**, who resided at a residence on the Sierra Gorda Drive. Earlier that day (August 25, 2021), **Covarrubias** had the pistol in the waistband of his pants, removed it, and handed it to Sanchez. Sanchez further admitted that, on the incident date, he observed Zamora and Amaro placing rifles from the garage at the Sierra Gorda house into Amaro's pickup truck. A review of Sanchez's records confirmed the following active indictment at the time of his arrest: Aggravated Robbery, 341st District Court, Webb County, Texas, Criminal Cause Number 2020-CRH-001838-D3.

In a second interview later in the day on August 25, 2021, Amaro stated **Covarrubias** contacted him and instructed him to make the theft report in July 2021. Amaro stated the firearms he reported stolen belonged to **Covarrubias**, and confirmed **Covarrubias** owned the ranch where they were kept. Regarding the three rifles found in the gun safe at Quail Hollow, Amaro reiterated they were removed from **Covarrubias'** bedroom closet at Sierra Gorda and transported by him to Quail Hollow. Amaro also admitted he was aware **Covarrubias** and Zamora were convicted felons, and therefore prohibited from possessing firearms or ammunition.

10

Amaro was presented with all the ATF 4473 forms he filled out and signed to various federal firearms licensees (FFL). Amaro admitted that, on fifteen of the forms, he falsely represented he was the actual buyer and was purchasing the firearms for **Covarrubias**. This included the below purchases from three different FFLs in Laredo:

From Kirkpatrick Guns & Ammo:

| DATE | MAKE & MODEL | CALIBER | SERIAL NUMBER |
|---|---|---|---|
| February 25, 2021 | Zastava Serbia, ZPAPM70 rifle | 7.62 x 39-millimeter | Z70-085838 |
| February 25, 2021 | Arsenal Bulgaria, SAM7SF rifle | 7.62 x 39-millimeter | XM600321 |
| March 2, 2021 | Accuracy International, AT rifle | .308 caliber | 19AT29448 |
| May 27, 2021 | OCCAM Defense, ODS-1775 rifle | 7.62 x 39-millimeter | OD-00073 |
| May 27, 2021 | OCCAM Defense, ODS-1775 rifle | 7.62 x 39-millimeter | SN-00315 |
| May 27, 2021 | F-1 Firearms, FDR-15-3G rifle | .223 caliber | 110-14143 |
| July 23, 2021 | Sig Sauer, M400 rifle | 5.56 NATO | 20L129963 |
| July 26. 2021 | ZRODELTA, Ready Series rifle | .223 WYLDE | ZAR04218 |
| July 29, 2021 | OCCAM Defense, ODS-1775 rifle | 7.62 x 39-millimeter | OD-00069 |

From CCF Tactical LLC.:

| DATE | MAKE & MODEL | CALIBER | SERIAL NUMBER |
|---|---|---|---|
| July 7, 2021 | Del-Ton, DTI-15 rifle | 5.56 millimeter | DTI-S240322 |
| July 7, 2021 | Del-Ton, DTI-15 rifle | 5.56 millimeter | DTI-S240318 |
| July 7, 2021 | Diamondback Firearms, DB15 rifle | 5.56 millimeter | DB2146631 |
| July 7, 2021 | Jem Tactical, Toxic rifle | 5.56 millimeter | JEM0559 |
| July 7, 2021 | Smith & Wesson, M&P 15 rifle | 5.56 millimeter | TS96790 |

From Academy Sports and Outdoors, Store Number 73:

| DATE | MAKE & MODEL | CALIBER | SERIAL NUMBER |
|---|---|---|---|
| December 4, 2019 | Bushmaster Firearms, Model XM15-E2S rifle | 5.56 NATO | BFH040951 |

Amaro stated he would use an American Express credit card which listed **Covarrubias'** name and the name of **Covarrubias'** business (JECOV Freight Forwarding) to purchase the firearms. According to Amaro, **Covarrubias** would first send him to a firearms dealers to take pictures of the firearms that **Covarrubias** wanted. After **Covarrubias** decided what firearms he wanted, he would send Amaro back to the FFL to make the purchase.

In a post-arrest statement on August 25, 2021, **Covarrubias** admitted to knowing he was a previously convicted felon and therefore prohibited from possessing firearms. **Covarrubias** admitted he would have Amaro purchase firearms with his company credit card, and that, on August 25, 2021, he removed three rifles from his home on Sierra Gorda and gave them to Amaro to be transported to Quail Hollow. A records check confirmed **Covarrubias** had the following felony conviction: Theft of Property, Greater or Equal to $1,500 but Less Than $20,000 - Felony; 49th District Court of Webb County, Texas; Sentenced July 25, 2014; 2 years incarceration, probated for a term of 5 years with credit for time served; Court Case Number 2011-CRT-000022-D1.

In the evening on August 25, 2021, law enforcement returned to the Sierra Gorda residence and interviewed **Covarrubias'** wife, Cynthia Moreno. During her interview, Moreno stated **Covarrubias** kept firearms in the house and admitted to having purchased a .50 caliber rifle for **Covarrubias**. Moreno stated she went with **Covarrubias** to the FFL, during which time **Covarrubias** picked out the .50 caliber and Moreno later made the purchase by herself. A review of the 4473 forms completed by Moreno confirmed the purchase of the following rifle on October 6, 2020, from CCF Tactical: one Barrett Firearms, Model M107A1 rifle, .50 BMG caliber, bearing serial number AE006579. Agents noted that Moreno represented on the 4473 form she was the

actual buyer, despite the rifle being for **Covarrubias**.

As part of the investigation, the seized firearms were examined and determined to have been manufactured outside the State of Texas, therefore affecting interstate and/or foreign commerce.

**Breach of Plea Agreement**

17. If Defendant should fail in any way to fulfill completely all the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

**Monetary Penalties, Assets and Financial Disclosures**

18. Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

19. Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions above, Defendant waives the right to challenge in any manner,

including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

## Restitution

20. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss of at least **$0**. Defendant agrees to pay full restitution as determined by the Court, regardless of the resulting loss amount, to all victims harmed by Defendant's "relevant conduct," as defined by U.S.S.G. §1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that should the Court impose a payment schedule, the payment schedule sets forth minimum payments and does not foreclose additional collection of restitution.

## Forfeiture

21. As part of this plea agreement, Defendant agrees to the following:

(a) to forfeit, via either an administrative or judicial proceeding, all assets listed in the charging document (including any Supplemental Notice of Forfeiture), and to forfeit or abandon any assets seized during this investigation or a related investigation.

(b) to withdraw any claims and petitions for such listed or seized assets, whether in this proceeding or another proceeding, and to waive notice of administrative proceedings (including forfeiture, destruction, and abandonment for seized property);

(c) that Defendant obtained at least $0 from the criminal offenses, that the factual basis for the guilty plea supports the imposition of a money judgment in that amount, and that the Defendant agrees to the imposition of a money judgment in that amount;

(d) that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, so that the forfeiture money judgment may be immediately satisfied via forfeiture of substitute property; and

14

(e) to the order of forfeiture becoming final as to Defendant immediately following this guilty plea or immediately following entry of the forfeiture order, whichever applies.

### Financial Statement

22. Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

23. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

### Complete Agreement

24. This written plea agreement, consisting of 17 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. This agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

15

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

25. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Laredo, Texas, on ____MARCH 20____, 2025.

JESUS GUADALUPE COVARRUBIAS
AKA: JESUS GUADALUPE
COVARRUBIAS-ZAPATA
DEFENDANT

Subscribed and sworn to before me on ____MARCH 20____, 2025.

NATHAN OCHSNER
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Nicholas J. Ganjei
United States Attorney

By: _____
Brian Bajew
Southern District of Texas

_____
Adriana Arce-Flores
Attorney for the Defendant

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 5:21-CR-1627-S1-1 |
| | § | |
| JESUS GUADALUPE COVARRUBIAS | § | |
| AKA: JESUS GUADALUPE | § | |
| COVARRUBIAS-ZAPATA | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending superseding indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____        March 13, 2025
Attorney for Defendant                              Date

I have consulted with my attorney and fully understand all my rights with respect to the superseding indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____        March 13, 2025
Defendant                                               Date

17



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**OFFICE OF THE CLERK**

UNITED STATES OF AMERICA      *

VS      *

Rodolfo Garcia Cueller      *     CRIMINAL NO. 5: 24-1354

     *

     *

### NOTICE OF NON-APPEAL

     I am a defendant in this case, and I have now been sentenced.  I know that I have the right to appeal to the Court of Appeals.  I have  discussed my case with my attorney and I have decided not to pursue an appeal.

### RENUNCIA A UNA APELACION

     Siendo el acusado en esta causa, he recibido ahora mi sentencia. Yo se bien que tengo el derecho de apelar esta sentencia a un Tribunal de Apelaciones y lo he discutido con mi abogado.  Sin embargo, he decidido no proceder con una apelacion.


3/20/25
**Date**

**Defendant**

**Attorney**



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### OFFICE OF THE CLERK

UNITED STATES OF AMERICA          *
                                  *
VS                                *
Noe Parra Orta                    *     CRIMINAL NO. 5: 24 – 1480
                                  *
                                  *

## NOTICE OF NON-APPEAL

I am a defendant in this case, and I have now been sentenced. I know that I have the right to appeal to the Court of Appeals. I have discussed my case with my attorney and I have decided not to pursue an appeal.

## RENUNCIA A UNA APELACION

Siendo el acusado en esta causa, he recibido ahora mi sentencia. Yo se bien que tengo el derecho de apelar esta sentencia a un Tribunal de Apelaciones y lo he discutido con mi abogado. Sin embargo, he decidido no proceder con una apelacion.

3/20/25
_____
Date

_____
Defendant

_____
Attorney



### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### OFFICE OF THE CLERK

UNITED STATES OF AMERICA      *

     *

VS      *

*ERNESTINA ESPARZA MELTON*      *     CRIMINAL NO. 5: *24-CR-01438-001*

     *

### NOTICE OF NON-APPEAL

        I am a defendant in this case, and I have now been sentenced.  I know that I have the right to appeal to the Court of Appeals.  I have  discussed my case with my attorney and I have decided not to pursue an appeal.

### RENUNCIA A UNA APELACION

        Siendo el acusado en esta causa, he recibido ahora mi sentencia. Yo se bien que tengo el derecho de apelar esta sentencia a un Tribunal de Apelaciones y lo he discutido con mi abogado.  Sin embargo, he decidido no proceder con una apelacion.


*3/20/2025*
_____
**Date**


_____
**Defendant**


_____
**Attorney**



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## OFFICE OF THE CLERK

UNITED STATES OF AMERICA     *
    *
VS     *
*Juan Duran Morales*     *    CRIMINAL NO. 5: 24 - 1233
    *
    *

## NOTICE OF NON-APPEAL

       I am a defendant in this case, and I have now been sentenced. I know that I have the right to appeal to the Court of Appeals. I have discussed my case with my attorney and I have decided not to pursue an appeal.

## RENUNCIA A UNA APELACION

       Siendo el acusado en esta causa, he recibido ahora mi sentencia. Yo se bien que tengo el derecho de apelar esta sentencia a un Tribunal de Apelaciones y lo he discutido con mi abogado. Sin embargo, he decidido no proceder con una apelacion.

3/20/2025
**Date**

JUAN DURAN
**Defendant**

for **Attorney** SARA A. MARTINEZ



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## OFFICE OF THE CLERK

UNITED STATES OF AMERICA      *

                                    *

VS                                       *

*Tereso Flores*                *     CRIMINAL NO. 5: _24-CR-1473_

                                    *

                                    *

## NOTICE OF NON-APPEAL

        I am a defendant in this case, and I have now been sentenced.  I know that I have the right to appeal to the Court of Appeals.  I have  discussed my case with my attorney and I have decided not to pursue an appeal.

## RENUNCIA A UNA APELACION

        Siendo el acusado en esta causa, he recibido ahora mi sentencia. Yo se bien que tengo el derecho de apelar esta sentencia a un Tribunal de Apelaciones y lo he discutido con mi abogado.  Sin embargo, he decidido no proceder con una apelacion.

_03-20-2025_
Date

_Tereso Flores_
Defendant

_Raul Martin_
Attorney

AO 468 (Rev. 04/15) Waiver of a Preliminary Hearing

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Joatzin De Jesus Cisneros-Amador | ) | Case No.  5:25-mj-00514-1 |
| | ) | |
| *Defendant* | ) | |

United States Magistrate Court
DSO-SDTX
FILED

MAR 2 0 2025    2B

Nathan Ochsner, Clerk
Laredo Division

## WAIVER OF A PRELIMINARY HEARING

I understand that I have been charged with an offense in a criminal complaint filed in this court, or charged with violating the terms of probation or supervised release in a petition filed in this court.  A magistrate judge has informed me of my right to a preliminary hearing under Fed. R. Crim. P. 5.1, or to a preliminary hearing under Fed. R. Crim. P. 32.1.

I agree to waive my right to a preliminary hearing under Fed. R. Crim. P. 5.1 or Fed. R. Crim. P. 32.1.

Date:    03/20/2025

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Raul A. Martinez
_____
*Printed name and bar number of defendant's attorney*

FED ID NO. 34714
TEXAS STATE BAR NO. 00797014
1202 HOUSTON ST., LAREDO, TX 78040
_____
*Address of defendant's attorney*

Raul_Martinez@fd.org
_____
*E-mail address of defendant's attorney*

(956) 753-5313
_____
*Telephone number of defendant's attorney*

(956) 753-5317
_____
*FAX number of defendant's attorney*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

United States Magistrate Court
DSO-SOTX
FILED

MAR 20 2025    2B

Nathan Ochsner, Clerk
Laredo Division

UNITED STATES OF AMERICA §

VS. §

§    CASE NO.  5:25-mj-00514-1

Joatzin De Jesus Cisneros-Amador §

§

## WAIVER OF DETENTION HEARING

I have been advised by a magistrate judge of my right to a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142.  I have consulted with my attorney, and I fully understand my right. After further investigation, I wish to waive my right to a detention hearing, subject to bringing a motion concerning detention at a later date.

Date: 03/20/2025

_____
DEFENDANT

_____
COUNSEL FOR DEFENDANT

CJA-23
(Rev 3/21)

# FINANCIAL AFFIDAVIT
### IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE

| IN THE UNITED STATES | ☐ DISTRICT COURT | ☐ COURT OF APPEALS | ☐ OTHER *(Specify Below)* | |
|---|---|---|---|---|

IN THE CASE OF

FOR _SD/TX_
AT _Laredo_

LOCATION NUMBER

| IN THE CASE OF | _U.S._ | v. | |
|---|---|---|---|

PERSON REPRESENTED *(Show your full name)*

_Jaatzin DeJesus Cisneros-Amador_

| 1 ☑ Defendant – Adult |
| 2 ☐ Defendant – Juvenile |
| 3 ☐ Appellant |
| 4 ☐ Probation Violator |
| 5 ☐ Supervised Release Violator |
| 6 ☐ Habeas Petitioner |
| 7 ☐ 2255 Petitioner |
| 8 ☐ Material Witness |
| 9 ☐ Other *(Specify)* |

DOCKET NUMBERS
Magistrate Judge
_5:25-m-00514-1_
District Court

Court of Appeals

CHARGE/OFFENSE *(Describe if applicable & check box→)*  ☑ Felony  ☐ Misdemeanor

_8 USC 1326_

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

| INCOME & ASSETS | EMPLOYMENT | Do you have a job? ☐ Yes ☑ No |
|---|---|---|
| | | IF YES, how much do you earn per month? _1 week and a half_ |
| | | Will you still have a job after this arrest? ☐ Yes ☑ No ☐ Unknown |

**PROPERTY**

Do you own any of the following, and if so, what is it worth?

| | APPROXIMATE VALUE | DESCRIPTION & AMOUNT OWED |
|---|---|---|
| Home $ | | |
| Car/Truck/Vehicle $ | | |
| Boat $ | | |
| Stocks/bonds $ | | |
| Other property $ | | |

**CASH & BANK ACCOUNTS**

Do you have any cash, or money in savings or checking accounts? ☑ Yes ☐ No

IF YES, give the total approximate amount after monthly expenses $ _2800 pesos_

_Common law, 3 children_

How many people do you financially support? _4_

**OBLIGATIONS, EXPENSES, & DEBTS**

_Spose has a house_

| BILLS & DEBTS | MONTHLY EXPENSE | TOTAL DEBT |
|---|---|---|
| Housing | $ — | $ |
| Groceries | $ 6000 pesos | $ |
| Medical expenses | $ | $ |
| Utilities | $ 600 pesos | $ |
| Credit cards | $ | $ |
| Car/Truck/Vehicle | $ | $ |
| Childcare | $ | $ |
| Child support | $ | $ |
| Insurance | $ | $ |
| Loans | $ | $ |
| Fines | $ | $ |
| Other Cellphone wifi | $ 100 pesos | $ |

I certify under penalty of perjury that the foregoing is true and correct.

_Joatzin Cisneros_

**SIGNATURE OF DEFENDANT**
**(OR PERSON SEEKING REPRESENTATION)**

_03/20/2025_
Date